Opinion filed October 9, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00312-CV

_____

## ALLEN GLENN THOMAS, Appellant
## V.
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## OFFICER MARCUS A. ADAMS ET AL., Appellees

**On Appeal from the 259th District Court**
**Jones County, Texas**
**Trial Court Cause No. 022853**

### M E M O R A N D U M   O P I N I O N

Appellant, Allen Glenn Thomas, is currently incarcerated at the French M. Robertson Unit of the Institutional Division of the Texas Department of Criminal Justice, which is located in Jones County. Appearing pro se, he challenges the trial court's order dismissing his suit. We affirm.

On August 31, 2012, Appellant filed the underlying action against seventeen defendants, all of whom were officers or officials employed by the Texas Department of Criminal Justice (TDCJ) at the French M. Robertson Unit.

Appellant alleged claims of inverse condemnation and conversion under Texas law and alleged that, while he was an inmate, his property was lost or damaged as those claims are provided for under federal law. He also alleged that he was physically injured during a "shakedown" because he was forced to carry all of his belongings to another location even though he was under a medical "no lifting restriction."

On behalf of the seventeen defendants, the attorney general filed a notice on September 12, 2012, to inform the trial court that the trial court had previously found Appellant to be a vexatious litigant. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.054 (West Supp. 2014). The attorney general stated that the trial court had ordered Appellant to obtain permission from the local administrative judge before Appellant filed any additional pro se litigation in state court and that Appellant had failed to do so prior to filing his petition in this case. *See* former CIV. PRAC. & REM. § 11.101 (2011) (current version at CIV. PRAC. & REM. § 11.101 (West Supp. 2014)). As such, the attorney general requested that the court immediately stay the litigation and requested that the court dismiss the suit unless, within ten days of the notice, Appellant obtained an order from the local administrative judge granting him permission to file suit. *See* former CIV. PRAC. & REM. § 11.103(b) (1997) (current version at CIV. PRAC. & REM. § 11.1035 (West Supp. 2014)).

On September 14, 2012, the trial court signed an order in which it found that Appellant had not obtained permission to file suit from a local administrative judge within ten days from the date the attorney general filed its notice that Appellant was a vexatious litigant. The court ordered Appellant's case to be dismissed with prejudice. On that same day, the court also signed an order staying the proceedings. On September 30, 2012, the court signed an order withdrawing the orders that the court had signed on September 14, and the court signed another order staying all proceedings. On October 11, 2012, the court again found that

2

Appellant had not obtained permission from a local administrative judge, and it dismissed Appellant's case with prejudice.

On appeal, Appellant presents eight issues for our review. In his first issue, he asserts that Chapter 11 of the Texas Civil Practice and Remedies Code is unconstitutional as applied because it violates his right to access the courts, to due process, to due course of law, and to equal protection under the Texas and United States Constitutions. Appellant contends in his second issue that the court order in which the trial court required Appellant to pay $7,500 in security was an arbitrary condition that prevented him access to the courts. He argues in his third issue that the trial court erred when it declared Appellant to be a vexatious litigant and dismissed Appellant's property claims. In his fourth, fifth, sixth, and seventh issues, Appellant raises the questions of whether he stated claims of inverse condemnation, malicious prosecution, a due process violation regarding his liberty interest in his expectancy to an early release from prison based on the accumulation of his good-time credits in prison disciplinary cases, and an Eighth Amendment violation for deliberate indifference to his serious medical needs restrictions. Appellant argues in his eighth and final issue that Appellees waived their "immunity defense under vested property rights and administrative authority in violation of [the] Texas Tort Claims Act" when prison officials kept him classified as a "class line III" inmate so that he could not accrue good conduct time.

We will first address Appellant's challenge to the constitutionality of Chapter 11 of the Texas Civil Practice and Remedies Code. Under Chapter 11, a trial court may place limitations on the litigation activities of a person determined by the court to be a "vexatious litigant." *See* CIV. PRAC. & REM. § 11.054, § 11.055 (West 2002), § 11.101. Appellant argues that the statutes improperly deny him equal protection, due process, a remedy by due course of law, and access

to the courts. The Austin Court of Appeals has upheld the constitutionality of Chapter 11 under the open courts provision, the equal protection clause, and the right to due process. *Leonard v. Abbott*, 171 S.W.3d 451, 456–58 (Tex. App.— Austin 2005, pet. denied). We agree with the Austin court's analysis and holding. However, Appellant does not cite to, and we cannot find, any page in the appellate record in which Appellant raised his challenge to the constitutionality of Chapter 11 in the trial court. Therefore, Appellant has not preserved this issue for our review. *See* TEX. R. APP. P. 33.1; *see, e.g.*, *Drum v. Calhoun*, 299 S.W.3d 360, 369–70 (Tex. App.—Dallas 2009, pet. denied) (holding defendant waived challenge to constitutionality of vexatious litigant statutes). Appellant's first issue is overruled.

In his second issue, Appellant challenges the trial court's entry of the vexatious litigant order requiring him to furnish security in the amount of $7,500. We can find no such order in this case in which the trial court ordered Appellant to furnish security. Appellant's second issue is without merit and is overruled.

Appellant argues in his third issue that the trial court abused its discretion when it dismissed his property claims and declared him to be a vexatious litigant. We note that the trial court did not declare Appellant to be a vexatious litigant in this case. The court had previously declared Appellant to be a vexatious litigant and had entered a prefiling order in which it prohibited Appellant from filing future litigation without the permission of the local administrative judge. *See* former CIV. PRAC. & REM. § 11.101(a). Appellant failed to comply with the trial court's prefiling order, and as a result, the trial court dismissed Appellant's case.[1] Former Section 11.103 required the trial court to stay Appellant's litigation when it was notified by Appellees that Appellant was subject to a prefiling order under

---

[1] We note that the legislature has now prohibited appeals from such dismissals. *See* CIV. PRAC. & REM. § 11.1035(c) (West Supp. 2014) ("An order dismissing litigation that was mistakenly filed by a clerk may not be appealed.").

4

Section 11.101. *Id.* § 11.103(b). The statute further provided that the trial court "shall dismiss the litigation unless the plaintiff, not later than the 10th day after the date the notice is filed, obtains an order from the local administrative judge under Section 11.102 permitting the filing of the litigation." *Id.*

After reviewing the record, we have not found, nor does Appellant argue that he secured, a letter from the local administrative judge granting Appellant permission to file his suit against the prison officials. Appellant claims that he filed a motion on September 20, 2012, in which he sought permission from the local administrative judge. Appellant further claims that the clerk withheld the filing of his motion until September 27, 2012, and that the local administrative judge refused to rule on his motion. Appellant also contends that the local administrative judge is the same judge that was presiding over his case and ultimately dismissed his case. In addition, Appellant contends that he did not get notice that the trial court withdrew its original orders staying the case and dismissing the case. However, Appellant does not explain how this lack of notice affected his ability to secure permission to file his case from the local administrative judge.

Appellant's contention that the local administrative judge in Jones County is the same judge that was presiding over his case is correct. *See* TEX. GOV'T CODE ANN. § 74.091 (West 2013) ("In a county with only one district judge, [such as Jones County,] the district judge serves as the local administrative district judge."). And, while Appellant claimed that he already knew that he could not obtain permission from the local administrative judge because the local judge was the same judge who "conspired with TDCJ," he did not seek recusal of the local administrative judge, nor did he request review of his motion by a different administrative judge. Based on the structure of his motion and the fact that Appellant claimed he could not obtain the permission necessary to file his suit, it

5

appears that Appellant was actually requesting mandamus relief from this court regarding permission to file his suit instead of seeking permission from the administrative judge. Thus, it does not appear from the record that Appellant actually sought permission from the local administrative judge. We note that Appellant did not pursue mandamus relief in this court regarding his contention that the local administrative judge refused to rule on his motion. Furthermore, Appellant did not complain below that the local administrative judge refused to rule, nor did he subsequently request a ruling. We cannot conclude from our review of the record that the local administrative judge refused to rule on Appellant's motion seeking permission to file suit, if in fact the motion sought such permission from the local judge. Moreover, even if the local administrative judge had denied Appellant's request for permission, Appellant could not seek review of the judge's denial by direct appeal. *See* former CIV. PRAC. & REM. § 11.102(c) (2011) (current version at CIV. PRAC. & REM. § 11.102(f) (West Supp. 2014)) ("A decision of a local administrative judge denying a litigant permission to file a litigation . . . is not grounds for appeal, except that the litigant may apply for a writ of mandamus with the court of appeals.").

We can, however, conclude from the record that Appellant did not obtain permission from the local administrative judge to file his suit as required under the vexatious litigant statutes. Therefore, because Appellant failed to obtain permission as required, the trial court did not abuse its discretion when it dismissed Appellant's suit. Appellant also claims that the trial court erred when it dismissed his claims with prejudice. However, Appellant did not raise this issue in the trial court and, thus, has waived error for appellate review. *See* TEX. R. APP. P. 33.1; *Leonard*, 171 S.W.3d at 461 (holding defendant waived argument that his suit should not have been dismissed with prejudice when he failed to timely file a

6

postjudgment motion to correct the judgment). We overrule Appellant's third issue.

Because we have held that the trial court did not err when it dismissed Appellant's case for Appellant's failure to comply with the prefiling order, we need not consider Appellant's remaining issues as to whether he stated various claims or whether the prison officials waived governmental immunity. *See* TEX. R. APP. P. 47.1.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


October 9, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

7